**CARMAGNOLA & RITARDI, LLC**
Steven F. Ritardi, Esq. (029021987)
60 Washington Street – Suite 300
Morristown, NJ 07960
(973) 267-4445
(973) 267-4456 (FAX)

**RKW, LLC**
H. Mark Stichel, Esq.
*(admitted Pro Hac Vice)*
Baltimore Office
10075 Red Run Boulevard, 4th Floor
Owings Mills, MD 21117
Phone: 443-379-8987
Fax 443-379-4023
Email: hmstichel@rkwlawgroup.com

*Attorneys for Defendant, eMerges.com Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>-v-<br><br>E-MERGES.COM, INC., et al.,<br><br>Defendants. | Civil Action No.: 1:24-cv-04434-HB<br><br>Civil Action<br><br>**DEFENDANT, E-MERGES.COM, INC.'S ANSWER TO COMPLAINT** |

eMerges.com, Inc ("eMerges"), by its attorneys, answers the Complaint filed by Atlas Data Privacy Corporation ("Atlas") and certain individuals in Superior Court of New Jersey, Law Division, Bergen County, and removed to this Court (ECF 1) as follows:

## INTRODUCTION

1. The allegations contained in Paragraph 1 of the Complaint are legal conclusions to which an answer is not required. To the extent that the allegations contained in Paragraph 1 contain

allegations of fact to which an answer is required, eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations and, thus, the allegations are denied.

2. The allegations contained in Paragraph 2 of the Complaint are legal conclusions to which an answer is not required. To the extent that the allegations contained in Paragraph 2 contain allegations of fact to which an answer is required, eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations and, thus, the allegations are denied.

3. The allegations contained in Paragraph 3 of the Complaint are legal conclusions to which an answer is not required. To the extent that the allegations contained in Paragraph 3 contain allegations of fact to which an answer is required, eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations and, thus, the allegations are denied.

4. The allegations contained in Paragraph 4 of the Complaint are legal conclusions to which an answer is not required. To the extent that the allegations contained in Paragraph 4 contain allegations of fact to which an answer is required, eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations and, thus, the allegations are denied.

## BACKGROUND

5. eMerges does not have actual knowledge of the facts alleged in Paragraph 5 of the Complaint, but based upon information believes them to be true.

6. eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint and, thus, the allegations are denied.

7. eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of the Complaint and, thus, the allegations are denied.

8. eMerges admits that Daniel's Law is codified at N.J.S.A. 47:1a-1, et seq. and N.J.S.A. 56:9-166.1. The statute speaks for itself. To the extent that the allegations contained in Paragraph 8 of the Complaint are legal conclusions, no response is required. To the extent that a response is required, the allegations are denied.

9. eMerges admits that Daniel's Law is codified at N.J.S.A. 47:1a-1, et seq. and N.J.S.A. 56:9-166.1. The statute speaks for itself. To the extent that the allegations contained in Paragraph 9 of the Complaint are legal conclusions, no response is required. To the extent that a response is required, the allegations are denied.

10. eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint and, thus, the allegations are denied.

11. eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint and, thus, the allegations are denied.

12. eMerges admits the allegations contained in Paragraph 12 of the Complaint.

13. eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Complaint and, thus, the allegations are denied.

14. eMerges admits that Judges Wilkinson and Judge Roemer were killed. eMerges lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 14 of the Complaint and, thus, the allegations are denied.

## THE PARTIES

15. eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Complaint and, thus, the allegations are denied. eMerges reserves all rights and does not concede that the Plaintiff is entitled to proceed as Jane Doe-1.

16.     eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Complaint and, thus, the allegations are denied. eMerges reserves all rights and does not concede that the Plaintiff is entitled to proceed as Jane Doe-2.

17.     eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint and, thus, the allegations are denied.

18.     eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Complaint and, thus, the allegations are denied.

19.     eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the Complaint and, thus, the allegations are denied.

20.     eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of the Complaint and, thus, the allegations are denied.

21.     eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Complaint and, thus, the allegations are denied.

22.     eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Complaint and, thus, the allegations are denied.

23.     eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Complaint and, thus, the allegations are denied.

24.     eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Complaint and, thus, the allegations are denied.

25.     eMerges is without actual knowledge of the allegations contained in Paragraph 25 or the Complaint but admits the allegations on information and belief.

26. eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Complaint and, thus, the allegations are denied.

27. eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Complaint and, thus, the allegations are denied.

28. eMerges denies the allegations contained in Paragraph 28 of the Complaint.

29. eMerges denies the allegations contained in Paragraph 29 of the Complaint.

30. eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of the Complaint and, thus, the allegations are denied.

31. eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of the Complaint and, thus, the allegations are denied.

32. eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 of the Complaint and, thus, the allegations are denied.

33. eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 of the Complaint and, thus, the allegations are denied.

34. eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34 of the Complaint and, thus, the allegations are denied.

35. eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of the Complaint and, thus, the allegations are denied.

36. eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 of the Complaint and, thus, the allegations are denied.

37. eMerges denies the allegations contained in Paragraph 37 of the Complaint.

38. eMerges denies the allegations contained in Paragraph 38 of the Complaint.

39. eMerges denies the allegations contained in Paragraph 39 of the Complaint.

40. eMerges denies the allegations contained in Paragraph 40 of the Complaint.

41. eMerges admits that Daniel's Law is codified at N.J.S.A. 47:1a-1, et seq. and N.J.S.A. 56:9-166.1. The statute speaks for itself. To the extent that the allegations contained in Paragraph 41 of the Complaint are legal conclusions, no response is required. To the extent that a response is required, the allegations are denied.

## JURISDICTION AND VENUE

42. The allegations contained in Paragraph 42 of the Complaint are legal conclusions to which an answer is not required. To the extent that the allegations contained in Paragraph 42 contain allegations of fact to which an answer is required, the allegations are denied.

43. The allegations contained in Paragraph 43 of the Complaint are legal conclusions to which an answer is not required. To the extent that the allegations contained in Paragraph 43 contain allegations of fact to which an answer is required, the allegations are denied.

## FACTS COMMON TO ALL COUNTS

44. eMerges.com admits that New Jersey enacted Daniel's Law. However, to the extent that the allegations contained in Paragraph 44 incorporate allegations "As set forth above," eMerges incorporates by reference its responses to those allegations in this Answer.

45. The allegations contained in Paragraph 45 of the Complaint are legal conclusions to which an answer is not required. To the extent that the allegations contained in Paragraph 45 contain allegations of fact to which an answer is required, the allegations are denied.

46. The allegations contained in Paragraph 46 of the Complaint are legal conclusions to which an answer is not required. To the extent that the allegations contained in Paragraph 46 contain allegations of fact to which an answer is required, the allegations are denied.

47. The allegations contained in Paragraph 47 of the Complaint are legal conclusions to which an answer is not required. To the extent that the allegations contained in Paragraph 47 contain allegations of fact to which an answer is required, the allegations are denied.

48. eMerges admits that Daniel's Law was amended in 2023. eMerges lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 48 of the Complaint and, thus, the allegations are denied.

49. eMerges admits that Daniel's Law was amended in 2023. The remaining allegations contained in Paragraph 49 of the Complaint are legal conclusions for which no response is required. To the extent that a response is required, the allegations are denied.

50. The codification of Daniel's Law speaks for itself. To the extent that the allegations contained in Paragraph 50 of the Complaint vary from the text of the codification, the allegations are denied.

51. eMerges denies the allegations contained in Paragraph 51 of the Complaint.

52. eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 52 of the Complaint and, thus, the allegations are denied.

53. eMerges denies the allegations contained in Paragraph 53 of the Complaint.

54. eMerges denies the allegations contained in Paragraph 54 of the Complaint.

55. eMerges lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 55 of the Complaint and, thus, the allegations are denied.

56. The allegations contained in Paragraph 56 of the Complaint are a conclusionary statement of the Plaintiffs' Complaint and, thus, no response is required. To the extent that a response is required, eMerges denies that it ever has violated Daniel's Law and, thus, denies that it continues to violate Daniel's Law.

## COUNT ONE

57.     eMerges incorporates by reference its responses to the allegations of the Complaint as set forth above.

58.     eMerges denies the allegations contained in Paragraph 58 of the Complaint.

59.     The allegations contained in Paragraph 59 of the Complaint are legal conclusions to which an answer is not required. To the extent that the allegations contained in Paragraph 59 contain allegations of fact to which an answer is required, the allegations are denied.

60.     eMerges denies the allegations contained in Paragraph 60 of the Complaint.

61. eMerges denies the allegations contained in Paragraph 61 of the Complaint.

62.     eMerges denies the allegations contained in Paragraph 62 of the Complaint.

63.     eMerges denies the allegations contained in Paragraph 63 of the Complaint.

## AFFIRMATIVE DEFENSES

1.      The Plaintiffs' intentionally sending thousands of emails on December 25, 2023, overwhelmed eMerges' email system and constituted a denial of service. As such, eMerges did not receive proper takedown notices that would trigger any obligation on the part of eMerges under Daniel's Law.

2.      The Plaintiffs' claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

3.      The Plaintiffs' claims are barred in whole or in part because one or more Plaintiffs lack standing to pursue their claims.

4.      The Plaintiffs' claims are barred in whole or in part because at all times relevant to this matter. eMerges acted in good faith and complied with all applicable laws, including Daniels' law.

5. The Plaintiffs' claims are barred in whole or in part because Atlas is not an appropriate assignee under Daniel's Law because one or more of the assignments are invalid.

6. The Plaintiffs' claims are barred, in whole or in part, by doctrines of waiver, estoppel, and/or laches.

7. The Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, as a result of, among other things, Atlas intentionally waiting and sending the takedown notices in a manner that was intended to create noncompliance.

8. The Plaintiffs' claims are barred completely or in part because Atlas's actions constitute entrapment by sending takedown notices in a burdensome manner and failing or refusing to respond to eMerges with regard to questions about the notices.

9. The Plaintiffs' claims are barred completely or in part because performance was impossible, as a result of, among other things, the delay and intentional sending of thousands of or takedown notices in a matter intended to make it impossible to comply.

10. The Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their damages, including but not limited to delaying takedown requests and refusing to provide responses to eMerges' inquiries regarding the takedown requests.

11. The alleged damages sustained by Plaintiffs, if any, were caused by the conduct of third parties over whom eMerges had no control.

12. The Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any damages proximately caused by eMerges' actions.

13. The Plaintiffs' claims are barred because this Court lacks personal jurisdiction over eMerges.

14. The Plaintiffs' claims against eMerges, which has little or no contact with New Jersey, are barred, in whole or in part, because application of Daniel's Law to eMerges would be an improper and unconstitutional extraterritorial application of New Jersey law.

15. The Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not comply with the obligations of Daniel's Law to trigger any obligations by eMerges under Daniel's Law.

16. The Plaintiffs' claims fail to the extent that eMerges is not a proper party to this lawsuit.

17. To the extent that eMerges is found liable to Plaintiffs, eMerges is entitled to equitable indemnification from Atlas.

18. The Plaintiffs' claims for liquidated damages fail to the extent that such damages would constitute an impermissible penalty and or fail to reasonably relate to any claimed actual damages.

19. The Plaintiff's claims are barred, in whole or in part, or are limited, because the statutory damages provisions of Daniel's Law are excessive fines and/or so grossly disproportionate to any actual harm that may have been suffered. Accordingly, such statutory damages provisions violate the United States Constitution and the New Jersey Constitution.

20. The Plaintiffs' claims for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages and/or to the extent that such damages would be inconsistent with state or federal constitutional principles.

21. The Plaintiffs' claims for injunctive relief fail to the extent that they have not set forth any basis for such relief, including as to Atlas, which is not a "Covered Person."

22. Daniel's Law may not be enforced against eMerges because it facially violates the United States and/or New Jersey Constitutions. Alternatively, application of Daniel's Law against eMerges under the facts of this case would violate the United States or New Jersey Constitutions.

## RESERVATION/INCORPORATION DEFENSES

eMerges reserves the right to assert any and all Affirmative Defenses, both factual and legal, as may be justified by information subsequently obtained, and further incorporates any such defenses as if fully set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE,** eMerges respectfully requests that the Court enter judgment against Plaintiffs and in favor of eMerges as follows:

a. Dismissing the Complaint with prejudice;

b. Awarding eMerges its attorneys' fees and costs; and

c. Awarding eMerges such further relief that the Court deems just and proper.

> CARMAGNOLA & RITARDI, LLC
>
> /s/*Steven F. Ritardi*
> STEVEN F. RITARDI (029021987)
> Email: sritardi@cr-law.net
>
> RKW, LLC
> H. MARK STICHEL,
> *(admitted Pro Hac Vice)*
> Baltimore Office
> 10075 Red Run Boulevard, 4th Floor
> Owings Mills, MD 21117
> Phone: 443-379-8987
> Fax 443-379-4023
> Email: hmstichel@rkwlawgroup.com
>
> *Attorneys for Defendant, E-Merges.com Inc.*

DATED: October 3, 2025

11

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I, the undersigned attorney for Defendant, E-Merges.com In. in accordance with Local Civil Rule 11.2, hereby certify that, to the best of my knowledge, this matter is also pending in the Third Circuit with Docket Numbers 25-1555 through -1578, 25-1580 through -1593, 25-1676, 25-1677 and pursuant to the Third Circuit's September 2, 2025 Order and Opinion that certain issues are being presented for certification and determination by the New Jersey Supreme Court.

I certify that the foregoing statements made by me are true to the best of my knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

CARMAGNOLA & RITARDI, LLC

/s/*Steven F. Ritardi*
STEVEN F. RITARDI (029021987)
Email: sritardi@cr-law.net

RKW, LLC
H. MARK STICHEL,
*(admitted Pro Hac Vice)*
Baltimore Office
10075 Red Run Boulevard, 4th Floor
Owings Mills, MD 21117
Phone: 443-379-8987
Fax 443-379-4023
Email: hmstichel@rkwlawgroup.com

*Attorneys for Defendant, E-Merges.com Inc.*

DATED: October 3, 2025